THOMPSON, C.J.
The Department of Highway Safety and Motor Vehicles (“department”) appeals the trial court’s order granting Dawna Megan-Neave’s motion for summary judgment, thus revoking the seizure of Neave’s motorcycle pursuant to the Florida Contraband and Forfeiture Act (“Forfeiture Act”).[1] We reverse.
Neave was the passenger and Raymond E. Potter was the driver of a motorcycle owned by Neave that was stopped for traveling in excess of the speed limit. Because Potter had blood-shot eyes and smelled as if he had been drinking alcohol, the officer conducted a field sobriety test, which indicated that Potter was under the influence of alcohol. Potter was arrested for DUI, and it was discovered that Potter’s license was revoked based on a DUI conviction. The department seized the motorcycle pursuant to section 322.34, Florida Statutes,[2] which provides for the forfeiture of a vehicle driven by a person under the influence of alcohol whose license has been suspended for a prior DUI conviction. See § 932.701(2)(a)9., Fla. Stat. (2001).
Neave filed a motion for summary judgment. For the purposes of the hearing, Neave conceded that she had known that Potter was driving her motorcycle under the influence of alcohol, but claimed to have been unaware that his license was suspended. Neave argued that under section 322.34(9)(a), the motorcycle could not be forfeited unless she knew not only that Potter was too impaired to drive, but also that Potter had a suspended license. Neave contended that her ignorance of the status of Potter’s driver’s license made her an innocent owner under section 932.703(6)(A), Florida Statutes,[3] which pro *936 vides that property may not be forfeited unless the seizing agency establishes that the owner knew or should have known after reasonable inquiry that the property was being used in criminal activity.
The trial court agreed with Neave that the motorcycle was not subject to forfeiture because the department did not make a showing that Neave had reason to know that Potter’s license had been suspended for a previous DUI. On appeal, the department argues that the Forfeiture Act imposes liability on an owner who knew or should have known that the property would be used for criminal purposes. The department reasons that since Neave knew that the driver was under the influence, and thus that her property was being used in the course of criminal activity, she is not an innocent owner.
The question in this case is not whether Neave’s motorcycle was subject to forfeiture; it clearly was under the Forfeiture Act and section 322.34(9)(a) because it was driven by a “person” who was driving under the influence and whose driver’s license was suspended for a prior DUI. The question is whether Neave was an “innocent owner.” An innocent owner is one who did not have reason to know that the owner’s property would be “employed in criminal activity.” Under section 932.703(6)(a), the department was required to show beyond a preponderance of the evidence that Neave knew or had reason to know that her motorcycle was being used in criminal activity. Since Neave admitted as much, the department made the required showing.
What the court actually ruled was that the department had to prove that Neave knew that particular criminal activity would subject the motorcycle to seizure, but that is not a requirement under the Forfeiture Act. In In re Forfeiture of a 1981 Oldsmobile, 593 So.2d 1087 (Fla. 1st DCA 1992), the owner’s husband was arrested for possession of drugs, and the car he was driving was seized pursuant to the Forfeiture Act. Id. at 1088. The owner claimed to have been out of town, that she was unaware of her husband’s use of the vehicle, and that she had no idea that he would be using the vehicle to engage in any type of criminal activity. Id. However, there was testimony that the owner admitted to the sheriffs attorney’s secretary that the husband needed the vehicle to transport their children. Id. at 1089. The trial court found that the owner was aware that her husband’s driver’s license had been suspended and ruled that any use of the vehicle by the husband would constitute a criminal act. Id. at 1088.
On appeal, the court affirmed the judgment of forfeiture, holding that the evidence supported the trial court’s finding that the owner should have known the husband would use the vehicle in a criminal venture, even if she was not aware that drugs would be involved. Id. at 1090. The owner’s vehicle was subject to forfeiture because the husband used it in connection with illicit drugs. The owner was not an “innocent owner” because she was on notice that the husband, who had a criminal record, would use the vehicle in connection with criminal activity in general, and because “she was aware that her husband was driving the Oldsmobile with a suspended driver’s license, in blatant disregard of the law.” Id.
In the instant case, Neave conceded, at least for the purposes of her motion for summary judgment, that she knew that Potter was driving under the influence, and thus, she knew that he was driving “in blatant disregard of the law.” Like the owner in In re Forfeiture of a 1981 Oldsmobile, Neave did not know the additional facts that placed the vehicle at risk of forfeiture: the owner in In re Forfeiture of a 1981 Oldsmobile did not have reason to *937 know that her vehicle would be used in connection with illicit drugs, and Neave presumably did not know that Potter’s license was suspended. Under the Forfeiture Act, the owner is “innocent” if the owner does not know or have reason to know that the property will be used in criminal activity. Because the department showed that Neave knew the vehicle was being used in criminal activity, the trial court erred in entering summary judgment for Neave. Accordingly, we reverse the judgment and remand for further proceedings.
REVERSED and REMANDED.
SHARP, W., and SAWAYA, JJ., concur.

. §§ 932.701-932.707, Fla. Stat.

. Section 322.34(9)(a), Florida Statutes provides:
A motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture under ss. 932.701-932.707 and is subject to liens for recovering, towing, or storage under s. 713.78 if, at the time of the offense, the person’s driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence.

. Section 932.703(6)(a), Florida Statutes, states:
"[Pjroperty may not be forfeited under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.”